UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEREK LOGUE,
    Plaintiff,

vs

U.S. MARSHALS, et al.,
    Defendants.

Case No. 1:13-cv-348

Dlott, J.
Bowman, M.J.

REPORT AND
RECOMMENDATION

Plaintiff, who resides in Cincinnati, Ohio, has filed a *pro se* complaint alleging a violation of his federal constitutional rights. (*See* Doc. 1, Complaint, p. 2). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action against the United States Marshals Service and the Hamilton County Sheriff's Office in Cincinnati, Ohio. (*See* Doc. 1, Complaint, p. 2). Construing the complaint liberally, plaintiff alleges a violation of his constitutional rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against the United States Marshals Service and under 42 U.S.C. § 1983 against the Hamilton County Sheriff's Office. The complaint contains the following specific allegations:

> On May 21, 2013, I received a knock on my door so loud it nearly gave me a heart attack. At the door was a Hamilton Co. Sheriff's Deputy, badge #153, and a US Marshal, badge #3620 (or #2640). They were dressed and behaved in full SWAT Gear and behaved in a SWAT-like manner. They did not identify themselves and demanded I let them in. I refused, then they tried ordering me out. I refused. They were there for a sex offender compliance check, but tried to use that as an excuse to enter my house w/o a warrant. I told them if they want in my house, bring a warrant. The US Marshal was very menacing and stated he'll be "back next week" for refusing to let him in. I told him he still can't come in w/o a warrant. The Marshal claimed just seeing me open the door to my apartment wasn't proof enough that I resided there, despite standing at the door in sleep clothes and house shoes. I signed the compliance form and told them to leave. They remained outside my apartment, watching me as I stepped outside to call a friend. They approached me and demanded I turn my phone off and claimed I would be violating law taping the conversation (despite Ohio law that states it is perfectly legal). I told them their approach constitutes harassment and inciting public harassment, as evidenced by the choice of SWAT gear attire. The Hamilton Co. Sheriff's Office has never relied on a physical show of force for the simple act of having registered citizens sign a single piece of paper proclaiming I live at my residence. The officers were menacing and it was obvious to my neighbors, causing humiliation and stress. This practice is beyond necessary to fulfill the duties of compliance check. It is beyond mere inconvenience, and I have served my time and have complied with a blatantly unconstitutional law for 10 years. I am not on probation or parole and will not subject myself to loss of liberty.

(*Id.*, p. 3). Plaintiff does not seek damages as relief. Instead, he requests the issuance of an order "ban[ning] the US Marshals or any law enforcement agent at my residence in full SWAT Gear

and behaving in a menacing manner." (*Id.*, p. 4). Plaintiff also requests that the "US Marshals" be prohibited from handling "compliance checks for 'sex offenders'" and that "any police force" be prohibited from using "shows of force or dress[ing] in SWAT Gear to handle compliance checks." (*Id.*).

Plaintiff's complaint fails to state an actionable claim upon which relief may be granted by this Court under *Bivens* or § 1983.

First, neither the United States Marshals Service nor the Hamilton County Sheriff's Office is an entity that is capable of being sued. *See, e.g.*, *Mathis v. U.S. Marshal Service*, No. 2:11cv271, 2011 WL 1336575, at *2 (S.D. Ohio Apr. 5, 2011) (Kemp, M.J.) (Report & Recommendation) (holding that the complaint was subject to dismissal on screening because "[f]irst and foremost, the United States Marshals Service is not an entity which can be sued"); *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (affirming the dismissal of the sheriff's office as a party because "under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983"); *Schaffner v. Pell*, No. 2:10cv374, 2010 WL 2572777, at *2 (S.D. Ohio June 21, 2010) (citing *Tysinger v. Police Dep't of City of Zanesville,* 463 F.3d 569, 572 (6th Cir. 2006)) ("A police department is not a juridical entity subject to suit under Ohio law."); *see also Davis v. Middletown Police Dep't,* No. 1:13cv83, 2013 WL 503130, at *3 (S.D. Ohio Feb. 8, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811936 (S.D. Ohio Mar. 5, 2013) (Beckwith, J.); *Davis v. Bexley Police Dep't,* No. 2:08cv750, 2009 WL 414269, at *2 (S.D. Ohio Feb. 17, 2009) (citing *Jones v. Marcum*, 197 F. Supp.2d 991, 997 (S.D. Ohio 2002)); *State v. Elizabethtown Police Dep't*, Civ. Act. No. 3:09-CV-569-H, 2010 WL 1196193, at *2 (W.D. Ky. Mar. 23, 2010). As the district court explained in ruling that police departments/county sheriff's offices are not legal entities subject to suit in *Davis v. Bexley Police Dep't, supra,* 2009 WL 414269, at *2:

> Police departments are not independent government entities. They are only the vehicles through which municipalities fulfill their policing functions. *Williams v. Dayton Police Dep't,* 680 F.Supp. 1075, 1080 (S.D.Ohio 1987). Thus, police departments are not proper § 1983 defendants as they are "merely sub-units of the municipalities they serve." *Jones,* 197 F.Supp. at 1080.

Similarly, in *Mathis*, *supra*, 2011 WL 1336575, at *2, the court reasoned that a plaintiff "cannot simply sue the Marshals Service," an agency of the United States government protected by sovereign immunity, for constitutional violations committed by individual members of the Service.

Even if the Court were to liberally construe plaintiff's *pro se* complaint as alleging claims against the municipality of Hamilton County, Ohio, and even assuming that the United States Marshals Service is a legal entity capable of being sued, plaintiff's complaint would still fail to state a claim for relief. A municipality cannot be held vicariously liable under § 1983 and the Marshals Service cannot be held vicariously liable under *Bivens* based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *See Iqbal,* 556 U.S. at 677 (in a § 1983 or *Bivens* action, vicarious liability does not apply and supervisory defendants are liable only for their "own misconduct"); *see also Minneci v. Pollard*, __ U.S. __, 132 S.Ct. 617, 625 (2012) (involving *Bivens* claim); *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978) (involving § 1983 claim against municipality). *Cf. Davis, supra,* 2009 WL 414269, at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a municipality, the plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the municipality. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Monell*, 436 U.S. at 694; *Doe v. Claiborne Cnty*., 103 F.3d 495, 507 (6th Cir. 1996). *Cf. Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional

deprivation).  Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  In this case, plaintiff has alleged no facts indicating that the officers from the Hamilton County Sheriff's Office and United States Marshals Service were acting pursuant to a municipal policy or custom, or in accordance with directives from federal supervisory officials, in allegedly violating plaintiff's rights.  Therefore, his claims against the defendants are based solely on a theory of *respondeat superior,* which does not apply to § 1983 and *Bivens* claims and may not serve as a basis for liability.

In any event, even assuming that the defendants could be held liable for the officers' actions in this case, plaintiff's allegations fail to state a claim of constitutional dimension, as required under *Bivens* and § 1983.  It is clear from the face of the complaint that no search or seizure occurred to trigger any concerns of a Fourth Amendment violation.  To the extent plaintiff suggests that he was deprived of a constitutionally protected liberty interest because of the "humiliation and stress" he suffered as a result of the officers' actions (*see* Doc. 1, Complaint, p. 3), plaintiff has failed to state a claim for relief absent any allegation in the complaint that he suffered a "tangible injury such as loss of employment" from arbitrary actions affecting his "good name, reputation, honor or integrity."  *See Bacon v. Patera*, 772 F.2d 259, 263 (6th Cir. 1985) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976), and quoting *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (internal citation and quotation omitted)); *see also Myers v. Delaware Cnty., Ohio*, No. 2:07cv844, 2008 WL 4862512, at *7-8 (S.D. Ohio Nov. 7, 2008) (allegations of "loss of *future* employment opportunities" stemming from the sheriff's false stigmatizing statements were insufficient to survive the defendants' motion for judgment on the pleadings because the plaintiff failed to allege that the defendants' conduct caused "some tangible *present*

injury, such as loss of his job") (emphasis in original). Plaintiff's allegations of rude behavior and verbal harassment by officers dressed in SWAT gear simply do not rise to the level of a cognizable constitutional claim. *Cf. Newsome v. Erwin,* 137 F. Supp.2d 934, 940 n.5 (S.D. Ohio 2000) (Rice, J.) (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989), and *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987), in noting that allegations that the sheriff threatened to arrest plaintiff if he was "caught out on the road" failed to state a claim under § 1983 because "being placed in fear from spoken words 'is not an actual infringement of a constitutional right,'" and a "mere 'threat to do an act prohibited by the Constitution' is not 'equivalent to doing the act itself'"); *Hill v. City of Cincinnati*, No. 1:09cv800, 2010 WL 3257725, at *10 (S.D. Ohio July 16, 2010) (Hogan, M.J.) (Report & Recommendation) (holding that the plaintiff's complaint against a police officer for verbal harassment failed to state a claim for relief under § 1983 because "mere verbal threats and abuse do not infringe any constitutional rights"), *adopted*, 2010 WL 3257727 (S.D. Ohio Aug. 17, 2010) (Dlott, J.); *Strausburg v. Warren Cnty. Bd. of Comm'rs,* No. 1:05cv284, 2006 WL 2934080 (S.D. Ohio Oct. 12, 2006) (Beckwith, J.) (and cases cited therein) (holding that in light of the cited cases, which involved "far worse verbal threats, made in far more confrontational settings," is was "clear that Defendant's threats to contact Children's Services, to call for a police dog, or to take Plaintiff to jail in the event that drugs were found, are not violations of Plaintiff's constitutional rights"); *see also Freeman v. Gay*, Nos. 3:11cv867, 3:11cv1094, 2012 WL 2061557, at *21 (M.D. Tenn. June 7, 2012) (Report & Recommendation) (involving allegations of "petty harassment, police surveillance, and entrapment"), *adopted*, 2012 WL 4510670 (M.D. Tenn. Sept. 28, 2012); *State, supra*, 2010 WL 1196193, at *2 ("A police officer's rudeness, verbal harassment, and abusive language are not sufficient to state a constitutional claim."). Moreover, plaintiff is unable to prevail on any claim that the defendants acted improperly in executing duties required for enforcement of Ohio's sex offender act, which

remains in effect and has yet to be declared unconstitutional.

Accordingly, in sum, the Court concludes that the plaintiff's complaint is subject to dismissal on the ground that plaintiff has not stated an actionable claim for relief against the named defendants.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


/s/ *Stephanie K. Bowman*
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEREK LOGUE,  　　　　　　　　　　　　Case No. 1:13-cv-348
　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　Dlott, J.
　　vs　　　　　　　　　　　　　　　　Bowman, M.J.

U.S. MARSHALS, et al.,
　　　Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc