UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEREK LOGUE,
    Plaintiff,

Case No. 1:13-cv-348

vs

Dlott, J.
Bowman, M.J.

U.S. MARSHALS, et al.,
    Defendants.

**ORDER AND REPORT
AND RECOMMENDATION**

This *pro se* civil action filed by a Cincinnati, Ohio, resident, who has been granted *in forma pauperis* status, is before the Court on plaintiff's motion for leave to file an amended complaint. (Doc. 6). The motion was filed on June 18, 2013, followed by the filing of the amended complaint on June 25, 2013 (*see* Doc. 7), *after* plaintiff was served with the undersigned's June 10, 2013 Report and Recommendation to dismiss the original complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. (*See* Doc. 4).

Fed. R. Civ. P. 15(a) provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it," and "[i]n all other cases, . . . [t]he court should freely give leave [to amend] when justice so requires." The Sixth Circuit recently held in accordance with other circuit courts that "under Rule 15(a), a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal" on initial screening under the Prison Litigation Reform Act (PLRA). *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (and First, Seventh, Fifth, Eighth, Fourth and Eleventh Circuit cases cited therein) (overruling

*McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), to the extent the Sixth Circuit had ruled in that case that "when the [PLRA] requires dismissal of a prisoner's claim, a district court cannot grant leave to amend"). In *Brown v. Johnson*, 387 F.3d 1344, 1348-49 (11th Cir. 2004), one of the cases cited favorably by the Sixth Circuit in *LaFountain*, the Eleventh Circuit concluded that a *pro se* plaintiff granted *in forma pauperis* status, who filed a motion to amend the complaint after a Report and Recommendation had issued to *sua sponte* dismiss the complaint on initial screening but "before the district court dismissed his complaint and before any responsive pleadings were filed, . . . had the right to amend his complaint under Rule 15(a)." In a later case, the Eleventh Circuit ruled that *Brown* instructs that although a plaintiff normally waives the right to amend his complaint as a matter of course under Rule 15(a) if he chooses to file a motion to amend in lieu of an amended complaint, *pro se* litigants are exempt from such a finding of waiver. *See Toenniges v. Georgia Dep't of Corr.*, 502 F. App'x 888, 889 (11th Cir. 2012). As the court in *Toenniges* further explained, "[w]hen the plaintiff has the right to file an amended complaint *as a matter of course* . . . the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Id.* (quoting *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007)) (emphasis in original).

    Because it thus appears under case-law followed by the Sixth Circuit in *LaFountain* that plaintiff has the right under Fed. R. Civ. P. 15(a) to file an amended complaint as a matter of course, the undersigned hereby **GRANTS** plaintiff's motion for leave to file an amended complaint (Doc. 6), and **VACATES** the prior Report and Recommendation issued June 10, 2013 (Doc. 4) recommending the dismissal of the original complaint with prejudice at the screening stage. However, the inquiry does not end here. In accordance with the standards set forth in detail in the June 10, 2013 Report and Recommendation (*see* Doc. 4, pp. 1-3), which are

incorporated by reference herein, plaintiff's amended complaint (Doc. 7), is subject to *sua sponte* review by the Court in order to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In the amended complaint, as in the original complaint, plaintiff names the United States Marshals Service (USMS) and the Hamilton County Sheriff's Office (HCSO) as defendants. (*See* Doc. 7, p. 4). He has also added a Hamilton County police officer (Badge #153), a United States Marshal (Badge #3620), and the United States Department of Justice as defendants. (*Id.*).

The amended complaint is rambling and often difficult to follow. Construing the pleading liberally, it appears that plaintiff is bringing the action on behalf of himself and others "similarly situated." (*Id.*, p. 1). He states that he is seeking only declaratory and injunctive relief against the named defendants for alleged violations of his federal rights that occurred when a sex offender "compliance check" was conducted by Badge #153 and Badge #3620 on May 22, 2012. (*See id.*, p. 8). Plaintiff claims that the HCSO, the USMS and the two officers engaged in a "pattern or practice of condu[c]t" that amounted to a violation of his civil rights under 42 U.S.C. § 14141 and 42 U.S.C. § 1983. (*Id.*, pp. 8-9). It also appears that plaintiff is alleging that the USMS's involvement in the compliance check was unlawful because (1) the USMS had no authority under the Adam Walsh Child Protection and Safety Act of 2006 (AWA) to participate in the compliance check given that he has always complied with prior compliance checks conducted by the HCSO over the course of the past ten years; and (2) in any event, the AWA violates Article I of the United States Constitution, and raises issues under the Tenth Amendment

3

in light of conflicting rulings by the United States Supreme Court and the Ohio Supreme Court in interpreting the AWA as codified and applied in Ohio. (*See id.*, pp. 6-7, 9-15). Finally, plaintiff generally challenges sex offender registration "compliance checks" as constituting "an unreasonable search under the Fourth Amendment of the United States Constitution," an "unlawful use of military tactics on American citizens," and a violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses. (*Id.*, pp. 15-21).

At this stage in the proceedings, without the benefit of briefing by the parties to this action and out of an abundance of caution, the undersigned concludes that plaintiff should be allowed to proceed with the amended complaint to the extent that he seeks to bring claims for declaratory and injunctive relief against the federal defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and the state defendants under 42 U.S.C. § 1983,[1] challenging the application of the sex offender "compliance check" provisions of the AWA to him on Fourth and Fourteenth Amendment grounds. *Cf. Doe v. LaDue*, 514 F. Supp.2d 1131 (D. Minn. 2007) (granting preliminary injunction in cases where the plaintiff challenged a city police department's "proactive compliance or verification approach in monitoring registered sex offenders" on the ground that the policy extended beyond the measures authorized by state statute and violated the plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and his Fourteenth Amendment right to due process and equal protection). Plaintiff should also be allowed to proceed on his claims for declaratory and injunctive relief to the extent that he challenges the USMS's authority under the AWA, as codified and applied in Ohio, to participate in the compliance checks of plaintiff. (*See*

---

[1] The undersigned acknowledges that, as discussed in the June 10, 2013 Report and Recommendation addressing plaintiff's original complaint (*see* Doc. 4, pp. 4-5) (and cases cited therein), neither the USMS nor the HCSO is an entity capable of being sued. However, it is unclear at this juncture whether the amended complaint may be construed as a complaint against the federal government and Hamilton County stemming from an unconstitutional policy or practice that is being enforced by the USMS and HCSO. Therefore, at least at this early stage of the proceedings, the USMS and HCSO shall remain as named defendants in this action.

Doc. 7, pp. 9-15).

However, by the same token, it is **RECOMMENDED** that the following portions of the amended complaint be dismissed at the screening stage because it is clear from the face of the amended complaint that plaintiff has failed to state a claim upon which relief may be granted:

(1) The United States Department of Justice should be dismissed as a defendant because the agency cannot be held vicariously liable based on the theory of *respondeat superior*, *see Iqbal,* 556 U.S. at 677; *Minneci v. Pollard*, _ U.S. _, 132 S.Ct. 617, 625 (2012), and plaintiff has not alleged any facts even remotely suggesting that the agency directly participated or acquiesced in the alleged federal violations.

(2) The amended complaint should be dismissed to the extent that plaintiff seeks to bring this action on behalf of others "similarly situated." As a *pro se* litigant, plaintiff lacks the qualifications to represent a class. *See, e.g., Ziegler v. Michigan,* 90 F. App'x 808, 810 (6th Cir. 2004) ("non-attorneys proceeding pro se cannot adequately represent a class"); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that it was "plain error" to permit the *pro se* prisoner "to represent his fellow inmates in a class action").[2]

(3) The amended complaint should be dismissed to the extent that plaintiff seeks to bring a cause of action under 42 U.S.C. § 14141 based on allegations that the defendants "engage[d] in a pattern or practice of conduct . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." *See* 42 U.S.C. § 14141(a). Plaintiff has no standing to bring a lawsuit under § 14141 because the provision only applies to

---

[2] *See also McGoldrick v. Werholtz,* 185 F. App'x 741, 744 (10th Cir. 2006) (and cases/authorities cited therein); *Ferren v. Norton,* 125 F. App'x 184, 185 (9th Cir. 2005) (and case cited therein). *Cf. Herrerra v. Michigan Dep't of Corr.,* No. 5:10cv11215, 2011 WL 3862640, at *6 (E.D. Mich. July 22, 2011) (Report & Recommendation) (and cases cited therein) (denying *pro se* plaintiffs' motions for class certification and the appointment of counsel to represent the "putative class" because (1) the "competence of a layman is clearly too limited to allow him to risk the rights of others;" and (2) the court lacked authority to appoint counsel to represent plaintiffs so that they could pursue their claims as a class action), *adopted,* 2011 WL 3862390 (E.D. Mich. Sept. 1, 2011).

the conduct of officers or employees of governmental agencies "with responsibility for the administration of juvenile justice or the incarceration of juveniles" and, perhaps most importantly, does not create a private right of action.  See 42 U.S.C. § 14141(a); *see also Hopson v. Secret Service,* No. 3:12CV-770-H, 2013 WL 504921, at *2 (W.D. Ky. Feb. 8, 2013); *Hinton v. Teodosio*, No. 5:12cv1267, 2012 WL 5354584, at *10 & n.2 (N.D. Ohio Oct. 29, 2012) (and numerous cases cited therein); *Mathis v. Columbus Police Dep't & Employees*, No. 2:10cv49, 2010 WL 3061569, at *2 (S.D. Ohio Aug. 2, 2010) (citing *Leisure v. City of Reynoldsburg, Ohio*, No. 2:07cv411, 2007 WL 2344706, at *4 (S.D. Ohio Aug. 14, 2007)).  *Cf. Davis v. U.S. Marshals Serv.*, No. 312-CV-00064, 2012 WL 1999551, at *1 (W.D. Ky. June 4, 2012).  Under 42 U.S.C. § 14141(b), only the United States Attorney General may bring a civil action on behalf of the federal government to "obtain appropriate equitable and declaratory relief to eliminate the [unlawful] pattern or practice."  *See also Hopson, supra,* 2013 WL 504921, at *2; *Hinton*, *supra*, 2012 WL 5354584, at *10; *Mathis, supra*, 2010 WL 3061569, at *2.  Therefore, plaintiff cannot bring a cause of action under that statutory provision.

(4)  As discussed in the prior Report and Recommendation issued on June 10, 2013 (*see* Doc. 4, pp. 3-4), the amended complaint should be dismissed to the extent that plaintiff alleges that his civil rights were violated simply because the May 22, 2012 compliance check was conducted in a militaristic and "very threatening, aggressive and frightening manner."  (*See* Doc. 7, pp. 8, 16-18).  As in the original complaint, plaintiff's allegations fail to trigger constitutional concerns for purposes of alleging a viable claim under *Bivens* or § 1983 absent any allegation that plaintiff suffered a "tangible injury such as loss of employment" from arbitrary actions affecting his "good name, reputation, honor or integrity."  *See Bacon v. Patera*, 772 F.2d 259, 263 (6th Cir. 1985) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976), and quoting *Goss v. Lopez*, 419 U.S. 565, 574 (1975) (internal citation and quotation omitted)); *see also Myers v. Delaware*

*Cnty., Ohio*, No. 2:07cv844, 2008 WL 4862512, at *7-8 (S.D. Ohio Nov. 7, 2008) (allegations of "loss of *future* employment opportunities" stemming from the sheriff's false stigmatizing statements were insufficient to survive the defendants' motion for judgment on the pleadings because the plaintiff failed to allege that the defendants' conduct caused "some tangible *present* injury, such as loss of his job") (emphasis in original). Plaintiff's allegations of rude behavior and verbal harassment by officers dressed in SWAT gear simply do not rise to the level of a cognizable constitutional claim. *Cf. Newsome v. Erwin,* 137 F. Supp.2d 934, 940 n.5 (S.D. Ohio 2000) (Rice, J.) (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989), and *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987), in noting that allegations that the sheriff threatened to arrest plaintiff if he was "caught out on the road" failed to state a claim under § 1983 because "being placed in fear from spoken words 'is not an actual infringement of a constitutional right,'" and a "mere 'threat to do an act prohibited by the Constitution' is not 'equivalent to doing the act itself'"); *Hill v. City of Cincinnati*, No. 1:09cv800, 2010 WL 3257725, at *10 (S.D. Ohio July 16, 2010) (Hogan, M.J.) (Report & Recommendation) (holding that the plaintiff's complaint against a police officer for verbal harassment failed to state a claim for relief under § 1983 because "mere verbal threats and abuse do not infringe any constitutional rights"), *adopted*, 2010 WL 3257727 (S.D. Ohio Aug. 17, 2010) (Dlott, J.); *Strausburg v. Warren Cnty. Bd. of Comm'rs,* No. 1:05cv284, 2006 WL 2934080 (S.D. Ohio Oct. 12, 2006) (Beckwith, J.) (and cases cited therein) (holding that in light of the cited cases, which involved "far worse verbal threats, made in far more confrontational settings," it was "clear that Defendant's threats to contact Children's Services, to call for a police dog, or to take Plaintiff to jail in the event that drugs were found, are not violations of Plaintiff's constitutional rights"); *see also Freeman v. Gay*, Nos. 3:11cv867, 3:11cv1094, 2012 WL 2061557, at *21 (M.D. Tenn. June 7, 2012) (Report & Recommendation) (involving allegations of "petty harassment, police surveillance, and entrapment"), *adopted*, 2012

WL 4510670 (M.D. Tenn. Sept. 28, 2012); *State, supra,* 2010 WL 1196193, at *2 ("A police officer's rudeness, verbal harassment, and abusive language are not sufficient to state a constitutional claim.").

(5)  Finally, although it appears from the face of the amended complaint that plaintiff is challenging only the constitutionality of the sex offender compliance check provisions of the AWA, as codified in Ohio, the amended complaint is subject to dismissal for failure to state a claim to the extent that the pleading may also be liberally construed as challenging the constitutionality of the registration and notification provisions contained in that statute.  Courts that have addressed such claims have concluded that sex offender registration and notification requirements do not trigger constitutional concerns.  *See, e.g., Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1, 7-8 (2003) (holding that no procedural due process violation occurred as a result of the public disclosure of the state's sex offender registry where the registration requirements contained in the state's Megan's Law "turn[ed] on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest"); *Doe v. Michigan Dep't of State Police*, 490 F.3d 491, 500-06 (6th Cir. 2007) (and cases cited therein) (in rejecting procedural due process, substantive due process and equal protection challenges to registration and notification requirements contained in Michigan's sex offender registration act as applied to juvenile sex offenders, the Sixth Circuit concluded that damage to the plaintiff's reputation alone does not constitute a protected liberty interest subject to procedural due process protection and that the rational-basis standard of review applied to plaintiff's substantive due process and equal protection claims because persons convicted of sex offenses do not have a fundamental privacy right to be free from the registration and notification requirements and the legislative classifications affecting sex-offender registration do not implicate a suspect class); *Cutshall v. Sundquist*, 193 F.3d 466, 478-83 (6th Cir. 1999) (similarly

rejecting procedural due process, substantive due process and equal protection challenges to Tennessee's sex offender registration and notification requirements); *Valentine v. Strickland*, No. 5:08-CV-00993-JRA, 2009 WL 9052193, at *5-9 (N.D. Ohio Aug. 19, 2009) (similarly rejecting the plaintiff's claims that, as codified in Ohio, the AWA's registration and notification requirements violate both due process and equal protection); *see also Bruggeman v. Taft,* 27 F. App'x 456, 457 (6th Cir. 2001) (affirming *sua sponte* screening dismissal of complaint alleging a violation of the plaintiff's First, Fifth, Ninth and Fourteenth Amendment rights through the enforcement of Ohio's sexual predator registration and notification laws); *J.M. v. Henderson*, No. 2:09cv855, 2011 WL 4572007, at *5 (S.D. Ohio Sept. 30, 2011) (Watson, J.) (and cases cited therein) (rejecting the plaintiff's argument that "providing community notice of his [juvenile] sex offender status violated his rights under either the Eighth or Fourteenth Amendments to the U.S. Constitution" because the authority that existed in 2009, when the notices were sent, "indicates that community notice of a sex offender's status is constitutionally permissible").[3]

---

[3] In so concluding, the undersigned recognizes that, as plaintiff has indicated in the amended complaint, the Ohio Supreme Court has held that the 2006 AWA amendments to the 1996 federal Megan's Law, which were codified in Ohio in 2007, amount to a "retroactive law" prohibited by Ohio's Constitution and, therefore, do not apply to Ohio sex offenders who committed their offense before the effective date of the AWA. *See State v. Howard*, 983 N.E.2d 342, 345 (Ohio 2012) (discussing *State v. Williams*, 952 N.E.2d 1108 (Ohio 2011)). The Ohio Supreme Court has also severed the reclassification provisions contained in the AWA from Ohio's sex offender statutes on the ground that the application of those provisions to sex offenders previously adjudicated in accordance with the classification, registration, and community-notification provisions contained in Megan's Law violates the separation-of-powers doctrine. *See id.* (discussing *State v. Bodyke*, 933 N.E.2d 753 (Ohio 2010)). Plaintiff has not alleged in the amended complaint that the AWA has been retroactively applied to him in violation of state law or that he has been improperly reclassified under the severed AWA reclassification provisions. In any event, the Ohio Supreme Court has never held that the registration and notification provisions in effect since the enactment of Megan's Law implicate constitutional concerns. *See, e.g., State v. Cook*, 700 N.E.2d 570 (Ohio 1998). Indeed, as the Ohio Supreme Court emphasized in *Howard*, 983 N.E.2d at 345, sex offenders who committed the underlying offense before the AWA's effective date remain subject to the registration and notification provisions of Megan's Law.

### IT IS THEREFORE RECOMMENDED THAT:

The amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted to the extent that plaintiff has named the United States Department of Justice as a defendant and seeks to bring (1) a class action on behalf of other persons "similarly situated"; (2) a claim for relief under 42 U.S.C. § 14141; (3) a civil rights claim under *Bivens* and/or 42 U.S.C. § 1983 based on the allegation that the May 22, 2012 compliance check was conducted in a militaristic and "very threatening, aggressive and frightening manner;" and (4) a claim challenging the constitutionality of the registration and notification provisions contained in the AWA, as codified in Ohio. *See* 28 U.S.C. § 1915(e)(2)(B).

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 6) is **GRANTED**, and the Report and Recommendation to dismiss the original complaint (Doc. 4) is **VACATED**.

2. To the extent that plaintiff has submitted completed summons and United States Marshal forms for defendants USMS and HCSO, the United States Marshal shall serve a copy of the amended complaint (Doc. 7), summons, the Order issued on June 10, 2013 granting plaintiff's *in forma pauperis* application (Doc. 2), the original complaint and Report and Recommendation to dismiss that complaint (Docs. 3, 4), and this Order and Report and Recommendation upon those defendants as directed by plaintiff. All costs of service shall be advanced by the United States.

To the extent that plaintiff has not submitted summons and United States Marshal forms for the new defendants named in the amended complaint, plaintiff is **ORDERED** to submit completed summons and United States Marshal forms for those defendant within **thirty (30) days** of the date of this Order. Once the Court receives the completed forms, the Court will order service of process by the United States Marshal on the additional defendants who remain in

this action.  The Clerk of Court is **DIRECTED** to send summons and United States Marshal forms to plaintiff for this purpose.

      3.  Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon the defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

      4.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.


                                                        */s/ Stephanie K. Bowman*
                                                    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DEREK LOGUE,  
    Plaintiff,

vs

U.S. MARSHALS, et al.,  
    Defendants.

Case No. 1:13-cv-348

Dlott, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc